### GIDEON v. GIDEON.
No. 35928.

Supreme Court of Oklahoma.
Nov. 17, 1953.

Rehearing Denied Dec. 8, 1953.

Renegar & Renegar, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, for defendant in error.

O'NEAL, Justice.

This appeal is taken from an order of the trial court denying plaintiff in error, plaintiff below, a new trial in a divorce proceeding in which Frances G. Gideon was plaintiff and Al. J. Gideon, was defendant.

Counsel who represented the respective parties upon the trial did not request the court reporter to reduce to writing the testimony of the witnesses in the case; therefore, our consideration of plaintiff's grounds for the vacation of the decree are limited to the matters recited in her motion for a new trial.

Plaintiff's action for a divorce was based upon allegations of gross neglect of duty and extreme cruelty. Defendant, by answer and by way of cross-petition, alleged that plaintiff was guilty of gross neglect of duty and extreme cruelty, and each of the parties prayed for a divorce and an equitable division of property rights.

From an examination of plaintiff's petition and defendant's cross-petition, we find that each party alleged that they had an equity in the house and premises occupied by them during their marriage covering a period of seven years. Plaintiff claimed exclusive ownership of the household furniture and furnishings; defendant claimed that each of them had an equal ownership therein. Plaintiff claimed ownership in a Plymouth automobile and defendant claimed ownership in a Pontiac automobile. Defendant pleaded that he purchased the property prior to their marriage, making a down payment of $1,500 thereon.

The Court granted the divorce to the plaintiff and awarded her, as her separate property, the Plymouth automobile, all household furniture and furnishings and the sum of $2,200, to be paid by the defendant within sixty days from the date of the decree.

The Court found that the defendant purchased the property prior to their marriage and awarded it to the defendant as his sole and separate property, subject to the right of the plaintiff to occupy said premises for a period of fifteen days following the payment, by defendant, of the alimony award in the sum of $2,200. The Pontiac automobile was awarded to the defendant.

The Court also ordered that the defendant pay all outstanding accounts and obligations incurred by either party during coverture, and made an award of attorney's fee for the benefit of plaintiff's counsel. Present counsel for plaintiff filed a motion for a new trial upon the sole ground that the court made an inequitable and unjust distribution of their properties.

Plaintiff argues that their residence at 830 N. E. 24th Street, in Oklahoma City, Oklahoma, had a value between $8,500 to $12,500, and therefore the award of the sum of $2,200 to plaintiff was grossly inadequate.

In support of the motion for a new trial, plaintiff submitted affidavits of three realtors of Oklahoma City, in which affidavits they placed a value upon the premises at $8,500, $8,750 and $12,500, respectively. Although both parties alleged in their pleadings that they had an equity in the property at 830 N. E. 24th Street, we are not informed by the record, or briefs of counsel, the amount of that equity or the amount of the mortgage incumbrance upon the property.

The Trial Court, after the hearing of the motion for a new trial, overruled the same.

We indulge the presumption that the Trial Court gave due consideration to the respective contentions of the parties as

to the value of the properties acquired both before and during coverture; the amount of any mortgage indebtedness thereon; their individual capacities and earning power, and made an equitable division of the properties under all the facts and circumstances appearing at the trial.

The record before us does not disclose any abuse of discretion in the disposition of the motion for a new trial.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, WILLIAMS and BLACK-BIRD, JJ., concur.